Michael C. Sternberg, Self Represented
8545 W Warm Springs Rd Ste A4 #256
Las Vegas, NV 89113
702.234.2539
sternberg_michael@yahoo.com
Plaintiff

```
_____FILED          _____RECEIVED
_____ENTERED        _____SERVED ON
          COUNSEL/PARTIES OF RECORD

        JUN 1 7 2025

   CLERK US DISTRICT COURT
      DISTRICT OF NEVADA

BY: _____ DEPUTY
```

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

MICHAEL C. STERNBERG

     Plaintiffs

  v.

KIMBERLY FARMER, et al.

     Defendants

2:25-cv-01071-GMN-DJA

**COMPLAINT**
**JURY DEMANDED**

## PARTIES

The Plaintiff is: Michael C. Sternberg, 8545 W Warm Springs Rd Ste A4 #256, Las Vegas, NV 89113, 702.234.2539, sternberg_michael@yahoo.com

The Defendants are:

Kimberly Farmer

Jennifer Smith-Pulsipher

Phillip J. Pattee

Daniel M. Hooge

Does 1-100

1 - Complaint

of the State Bar of Nevada, in their individual capacities. 3100 W. Charleston Blvd. Suite 100, Las Vegas, NV 89102. 702.382.2200

## JURISDICTION

Jurisdiction. The issues in this case pertain to federal questions and constitutional rights. This court has jurisdiction pursuant to 28 USC 1331, 28 USC 1343, 28 USC 1367, 42 USC 1983.

Venue. Venue is appropriate in this court, because the defendants have an office in Las Vegas, the Plaintiff resides in Las Vegas, and a substantial part of the events I am suing about happened in Las Vegas.

## STATEMENT OF FACTS

1.    On 9/29/21, Nevada Attorney General Aaron Ford and his goons falsely arrested me on a California warrant they knew had been obtained by fraud. They kidnapped my children and aided and abetted their transfer to California. They seized my firearm, which they kept for a year without a warrant.

2.    On 10/05/21, Clark County Deputy District Attorney Caroline Morales filed a sworn criminal complaint against me in Las Vegas Justice Court falsely alleging that I had been "duly and regularly charged" in California and that I "fled from justice from the State of California…" California made no allegations that I fled from justice. She did not disclose to the court the State of Nevada's knowledge that the warrant for my arrest had been obtained by fraud. As a result of Morales' fraud upon the court, I was falsely imprisoned for two weeks.

3.    On 7/19/22, I sent a certified letter to the Nevada Attorney General's Public Integrity Unit. I reported my false arrest by Dave Monroe and Gina Lovero, their unconstitutional seizure of my children, and their refusal to return my firearm. I also reported the refusal

of the Nevada judge to grant bail, and Rich Horn's (El Dorado District Attorney's Office) fraud upon the California court.

4.    On 8/11/22, I spoke with Second Assistant Attorney General Christine (CJ) Brady by phone. I reported the false arrest, unlawful seizure of my children, and unlawful seizure of my firearm to her. She said she would order the return of my firearm. She asked me to file an online complaint against the agents. On 8/11/22, I filed the complaint online that CJ Brady had requested. The complaint was labeled as "Pattern and Practice, Public Integrity, False Arrest, Kidnapping, Refusing to Enforce Statute."

5.    On 10/31/22, I hand delivered a letter for Nevada Attorney General Aaron Ford. I detailed my history with his office and again reported numerous crimes by his agents. I requested a meeting. AG Ford has never responded.

6.    On 12/28/22, I hand delivered a complaint for Steve Wolfson at his office at the Regional Justice Center. The complaint detailed Caroline Morales' filing of false sworn documents with the court, and also crimes committed against me by Nevada Attorney General Agents. I asked for an investigation, and expressed that I wanted to hand over evidence. Nobody ever responded to my complaint.

7.    On 3/14/23, I emailed Steve Wolfson's office to follow up on my complaint against Caroline Morales. I attached the 12/28/22 complaint. I received an auto-reply confirming receipt, but nobody from his office ever contacted me.

8.    On 9/20/23, I sued the above-named individuals for constitutional rights violations in the U.S. District Court of Nevada. Case no. 2:23-cv-01466-APG-EJY. I later sued several California judges in Case no. 2:23-cv-02022-APG-EJY. The cases were consolidated and on 2/20/24, I filed a consolidated amended complaint. The first case number is the filing case number.

9.    On 6/13/24, I submitted the following professional misconduct complaints to the State Bar of Nevada:

10.   Christine (CJ) Brady (Bar No. 11065) for failure to report professional and criminal misconduct by Nevada attorneys.

11.  Thomas D. Dillard Jr. (Bar No. 6270) for falsely asserting facts he knew not to be true in a federal proceeding and for citing cases that did not support his arguments.

12.  Aaron Ford (Bar No. 7704) for failure to report professional and criminal misconduct by Nevada attorneys.

13.  Caroline Morales (Bar No. 8854) for filing a false sworn criminal complaint against me.

14.  Steven B. Wolfson (Bar No. 1565) for failure to report professional and criminal misconduct by Nevada attorneys.

15.  On 6/28/24 and 7/2/24, Phillip J. Pattee, issued closeout letters for all 5 complaints. The letters were identical and advised me to take up my concerns in an "appropriate judicial setting." They advised me that the State Bar of Nevada would only proceed if "the court makes written findings of attorney misconduct."

16.  On 7/23/24, Judge Andrew Gordon issued an order denying Morales' and Wolfson's joinder to a Motion to Dismiss (Case no. 01466, ECF 264). In the order, Gordon explained that these two Nevada attorneys did not meet their burden of showing that they are entitled to prosecutorial immunity and clearly laid out that there is no immunity for lying to a court under oath.

17.  On 11/14/24, Judge Gordon issued an order denying Aaron Ford and his goons' Motion to Dismiss (Case no. 01466, ECF 264).

18.  Both of the above mentioned orders are allowing my case to proceed under the theory that professional misconduct by a government lawyers is a constitutional rights violation among other theories.

19.  I have not seen my children since they were taken by me on 9/29/21 at gun point. I have not spoken to my children in over two years. Aaron Ford, Steve Wolfson, and Christine Brady continue to refuse to take any actions required of them under Nevada law, to include the Nevada Rules of Professional Conduct, to protect my constitutional rights or to mitigate the harm they caused, despite my lawsuit against them.

20. On or about 6/5/25, either Jennifer Smith-Pulsipher or another unknown individual in control of the State Bar of Nevada Linked In account deleted a comment I made critical of the State Bar of Nevada on one of their posts seeking feedback from licensees. The comment summarized all of the above facts.

21. On 6/5/25, I publicly posted a notice of the 1st Amendment violation (deleting my comment) and pinned it to the top of my profile. I tagged the State Bar of Nevada and Jennifer Smith-Pulsipher and advised them that they had until 6/12/25 to settle this matter, including a public apology or I would file a federal civil rights lawsuit.

22. On 6/5/25, I emailed Dan Hooge, Kimberly Farmer, and Lisa McGrane notice of my intent to sue and the deadline for settlement. I included a link to my public notice and a screenshot of it.

23. On 6/5/25, Dan Hooge responded:

"The Bar will probably want outside counsel for this, but I thought I would share my thoughts. 1. The First Amendment does not apply to private entities. We are a public-private partnership, but mostly private. I don't think the First Amendment applies. If Sternberg files suit, it should be pretty easy to dismiss. 2. On the other hand, if the Court finds that the Bar is a public entity subject to the First Amendment, then there is a good chance that we are not allowed to block posts. Several courts have held that public accounts on social media cannot block individuals or comments. Daniel"

24. On 6/5/25, I responded to Dan Hooge: "Hi Dan, Thank you for your input. The issue as to status of the entity was recently decided at the 9th Circuit as pertains to the State Bar[f] 🤮 of California. Obviously, I would argue any appropriate similarities between that entity and yours. Please see here: https://www.calbar.ca.gov/About-Us/News/ninth-circuit-decision-confirms-state-bars-sovereign-immunity Sincerely, Michael Sternberg"

//

//

//

//

## CLAIMS

### First Claim

### Count I - 1st Amendment Violation/Retaliation

Either Jennifer Smith-Pulsipher or another unknown individual in control of the State Bar of Nevada Linked In account violated my 1st Amendment rights, when acting under color of state law, he or she deleted my comment on their Linked In post.

### Second Claim

### Count II - 14th Amendment: Due Process and Equal Protection

Phillip J. Pattee and other unknown individuals at the State Bar of Nevada violated my 1st and 14th Amendment rights when they refused to investigate my professional misconduct complaints in violation of Rule 105 of the Nevada Supreme Court Rules. They denied me due process and treated me differently than others similarly situated.

### Third Claim

### Count III - Conspiracy to Deprive Civil Rights (42 USC § 1983)

### 1st, 4th, and 14th Amendments

On information and belief, the uniform dismissal of my bar complaints — using identical letters, with no evidence of independent review — reflects a coordinated policy among the defendants to protect government attorneys regardless of merit. This policy is further evidenced by the deletion of my public speech, the absence of any written analysis of my complaints, and the Bar's own acknowledgment that constitutional violations by public lawyers would not be investigated unless a court first rules against them — a circular denial of oversight. These defendants have deliberately acted to protect Ford, Brady, Wolfson, Morales, and Dillard by sabotaging the attorney discipline system. There is a clear meeting of the minds to protect government lawyers. As a result, I continue to live without my

unreasonably seized children, and professional misconduct runs unabated in the federal case, further denying me due process and prompt resolution of my constitutional claims.

### DEMAND FOR RELIEF

I request the following injunctive relief:

a. that this court issue a temporary restraining order, preliminary and permanent injunction ordering these defendants to take evidence of professional misconduct and to do an investigation and issue a recommendation as required by Rule 105 of the Nevada Supreme Court Rules.

b. that this court issue a temporary restraining order, preliminary and permanent injunction prohibiting these defendants from deleting any more of my comments on State Bar of Nevada social media.

I further request $1 million in damages.

Dated: June 17, 2025                    By: /s/ Michael C. Sternberg

                                        Michael C. Sternberg
                                        Plaintiff, Self Represented