**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

|  |  |
|---|---|
| MICHAEL C. STERNBERG., | |
| Plaintiff, | Case No.: 2:25-cv-01071-GMN-DJA |
| vs. | |
| KIMBERLY FARMER, *et al.*, | **ORDER** |
| Defendants. | |

Pending before the Court is the Motion for Entry of Clerk's Default, (ECF No. 27), filed by Plaintiff Michael C. Sternberg. Defendants Kimberly Farmer, Jennifer Smith-Pulsipher, Phillip Pattee, and Daniel Hooge ("State Bar Defendants") filed a Response, (ECF No. 32), to which Plaintiff filed a Reply, (ECF No. 34). Further pending before the Court is Plaintiff's Motion for Reconsideration and Motion to Strike, (ECF No. 25).[1] The State Bar Defendants filed a Response, (ECF No. 31), to which Plaintiff filed a Reply, (ECF No. 33). Also pending before the Court is Plaintiff's Motion for Temporary Restraining Order ("TRO"), (ECF No. 18), to which the State Bar Defendants filed a Response, (ECF No. 23), and Plaintiff filed a Reply, (ECF No. 29).[2] Additionally pending before the Court is Plaintiff's Motion for Preliminary Injunction, (ECF No. 20), to which the State Bar Defendants filed a Response, (ECF No. 26), and Plaintiff filed a Reply, (ECF No. 30).

---

[1] Under Local Rule IC 2-2, a separate document must be filed for each type of relief requested. Because of Plaintiff's *pro se* status, the Court will consider Plaintiff's combined Motion for Reconsideration and Motion to Strike despite his failure to comply with this local rule. However, the Court advises Plaintiff to review and comply with the District of Nevada's Local Rules moving forward.

[2] Plaintiff also filed a Notice of Supplemental Authority, (ECF No. 21), in support of his Motion for Temporary Restraining Order. Per Local Rule 7-2(g), a party may not file supplemental authorities without leave of court granted for good cause. Because Plaintiff did not file a motion for leave to file his notice of supplemental authority nor provide an explanation of why there was good cause for him to file such notice, the Court STRIKES the Notice of Supplemental Authority.

For the reasons discussed below, the Court DENIES the Motion for Temporary Restraining Order and the Motion for Preliminary Injunction without prejudice, and DENIES the Motion for Reconsideration, Motion to Strike, and Motion for Entry of Clerk's Default.

## I.  FACTUAL BACKGROUND

This case arises from a series of interactions between Plaintiff and Defendants on LinkedIn, a social media platform for professional networking. (Mot. TRO 3:18–6:10, ECF No. 18); (Mot. Prelim. Inj. 1:25–4:15, ECF No. 20).  Plaintiff alleges that on June 5, 2025, Defendant Jennifer Smith-Pulsipher, or another unknown individual in control of the State Bar of Nevada LinkedIn account, deleted a comment he had posted on one of the State Bar of Nevada's posts. (Mot. TRO 3:18–20).  Thereafter, on June 20, 2025, Plaintiff posted a video on his LinkedIn account allegedly depicting Defendant Aaron Ford arresting Plaintiff. (*Id.* 4:18–21).  The post tagged the State Bar of Nevada's LinkedIn account, and Ford's account. (*Id.* 4:21–24); (Email to Ford Lawyers at 2, Ex. D to Mot. TRO, ECF No. 18-4).  One day after Plaintiff made the post, he alleges that Ford blocked him on LinkedIn, explaining that his name as it appeared in Plaintiff's post was no longer highlighted or clickable, and that Plaintiff could not access Ford's LinkedIn account without using an incognito browser window. (Mot. TRO 4:25–27).  Plaintiff maintains that as of July 24, 2025, he is still blocked from viewing or interacting with Ford's LinkedIn account. (*Id.* 5:4–5).

On July 2, 2025, after Plaintiff had filed this lawsuit, Plaintiff made a post on his LinkedIn account tagging the account of Defendant Craig Newby. (*Id.* 5:25–27).  The post accused Ford of violating Plaintiff's constitutional rights by blocking him and stated that Plaintiff would be including this "new violation" in another case Plaintiff brought against Ford. (*Id.* 5:19–25).  The next day, Plaintiff alleges that Newby blocked him, explaining again that Newby's name as it appeared in Plaintiff's post was no longer highlighted or clickable. (*Id.* 6:1–2).  However, Plaintiff states that Newby thereafter unblocked Plaintiff, and that as of July

24, 2025, Plaintiff is still unblocked from viewing Newby's profile. (*Id.* 6:2–7).

Plaintiff brings the following claims in his First Amended Complaint: (1) Section 1983 Claim for violation of the First Amendment of the U.S. Constitution and Article 1, Sections 9 and 10 of the Nevada Constitution against Defendant Jennifer Smith-Pulsipher, (2) Section 1983 Claim for violation of the First Amendment of the U.S. Constitution and Article 1, Sections 9 and 10 of the Nevada Constitution against Defendant Aaron Ford, (3) Section 1983 Claim for violation of the First Amendment of the U.S. Constitution and Article 1, Sections 9 and 10 of the Nevada Constitution against Defendant Craig Newby, (4) Section 1983 Claim for conspiracy to violate the First Amendment of the U.S. Constitution and Article 1, Sections 9 and 10 of the Nevada Constitution against all Defendants, (5) Section 1983 Claim for violation of the First and Fourteenth Amendments of the U.S. Constitution and Article 1, Sections 8, 9, and 10 of the Nevada Constitution against Defendant Philip Pattee, (6) Section 1983 Claim for conspiracy to violate the First and Fourteenth Amendments of the U.S. Constitution and Article 1, Sections 8, 9, and 10 of the Nevada Constitution against Defendants Kimberly Farmer, Daniel Hooge, and Phillip Pattee, (7) Section 1983 Claim for conspiracy to violate the First and Fourteenth Amendments of the U.S. Constitution and Article 1, Sections 1, 8, 9, and 10 of the Nevada Constitution against Defendants Kimberly Farmer, Daniel Hooge, Phillip Pattee, Aaron Ford, and Craig Newby, (8) Negligent Supervision and Training against Defendants Kimberly Farmer and Daniel Hooge, and (9) Tortious Interference with Parental Rights against all Defendants. (First Am. Compl. ("FAC") 9:4–14:19, ECF No. 13).

Plaintiff now seeks a TRO and Preliminary Injunction ordering Defendant Aaron Ford to unblock Plaintiff's account on LinkedIn and preventing all Defendants from blocking Plaintiff's LinkedIn account or deleting his comments on Defendants' LinkedIn accounts. (Mot TRO 1:17–18); (Mot. Prelim. Inj. 1:17–19).

///

## II. **LEGAL STANDARD**

### **A. Motion for Entry of Clerk's Default**

Obtaining default judgment is a two-step process governed by Rule 55 of the Federal Rules of Civil Procedure ("FRCP"). *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, the moving party must seek an entry of default from the clerk of court.  Fed. R. Civ. P. 55(a).  Entry of default is only appropriate when a party "has failed to plead or otherwise defend." *Id.* A failure to "otherwise defend" presumes the "absence of some affirmative action on the part of a defendant which would operate as a bar to the satisfaction of the moving party's claim." *Rashidi v. Albright*, 818 F. Supp. 1354, 1355–56 (D. Nev. Feb. 10, 1993), *aff'd*, 39 F.3d 1188 (9th Cir. 1994).

"When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).  "A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under [FRCP 4]." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988).

### **B. Motion for Reconsideration**

Federal Rule of Civil Procedure 60(b) permits a court to set aside its order for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60. The Ninth Circuit has limited the grounds for reconsideration into three primary categories: (1) newly discovered evidence; (2) the need to correct clear error or prevent manifest injustice; or (3) an intervening change in controlling law. *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001). In general, "a motion for reconsideration should not be granted, absent highly unusual circumstances." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). A movant may not "in any manner repeat any oral or written argument made in support of or in opposition to the original motion." *Rosenfeld v. U.S. Dep't of Just.*, 57 F.3d 803, 811 (9th Cir. 1995). Nor may "[a] motion for reconsideration. . . be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks omitted). Accordingly, a court may disregard "repeated legal arguments" and "facts that were available earlier in the proceedings." *Zimmerman,* 255 F.3d at 740.

### C. Motion to Strike

FRCP 12(f) provides that a court "may order stricken from any pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). "'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." § 1382 Motion to Strike – Redundant, Immaterial, Impertinent, or Scandalous Matter, 5C Fed. Prac. & Proc. Civ. § 1382 (3d ed.). "'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Id.*

///

///

**D. Motion for Temporary Restraining Order and Preliminary Injunction**

FRCP 65 governs preliminary injunctions and temporary restraining orders. Fed. R. Civ. P. 65.  The standard for both forms of relief is the same. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).  Furthermore, a temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974).  Like a preliminary injunction, the Court may issue a temporary restraining order if a plaintiff establishes: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

**III.   DISCUSSION**

The Court addresses each of Plaintiff's pending Motions in turn, beginning with Plaintiff's Motion for Entry of Clerk's Default.

**A. Motion for Entry of Clerk's Default**

Plaintiff moves for the Clerk of Court to enter default "for all defendants in this case." (Mot. Entry Clerk's Def. 2:2–3, ECF No. 27).  The Court first addresses whether default should be entered for the State Bar Defendants, and then turns to Defendants Aaron Ford and Craig Newby.

**1. State Bar Defendants**

Plaintiff argues that default must be entered for the State Bar Defendants because they failed to file an Answer or any other responsive pleading to Plaintiff's FAC. (Mot. Entry Clerk's Def. 1:21–25).  But the State Bar Defendants have not "failed to plead or otherwise defend." Fed. R. Civ. P. 55(a).  Rather, they have filed a Motion to Dismiss Plaintiff's

Complaint, (ECF No. 11), an Answer to Plaintiff's FAC, (ECF No. 28), and responses to each of Plaintiff's Motions (ECF Nos. 23, 26, 31). Such actions constitute both pleading and otherwise defending this case. Because a Motion for entry of default is only appropriate when a party "has failed to plead or otherwise defend," *see* Fed. R. Civ. P. 55(a), the Court DENIES Plaintiff's Motion for Entry of Clerk's Default for the State Bar Defendants.

**2. Defendants Aaron Ford and Craig Newby**

Plaintiff argues that default should be entered for Defendants Ford and Newby because neither Defendant has filed any responsive pleading in this case. (Mot. Entry Clerk's Def. 1:23-25). Defendants Ford and Newby have neither filed a responsive pleading nor made an appearance in this case.

Before a default can be entered, the Court has an affirmative duty to determine where it has subject-matter jurisdiction and personal jurisdiction over the party against whom judgment is sought. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). "A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under [FRCP 4]." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988).

FRCP 4(e) governs service of an individual within a judicial district of the United States. It provides that an individual may be served by delivering a copy of the summons and the complaint to the individual personally, by leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there, or, most relevant here, by delivering a copy of the summons and the complaint to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e)(2)(A)–(C). FRCP 4(e) also provides that an individual may be served in accordance with the law of the state in which the district court is located for serving a summons. Fed. R. Civ. P. 4(e)(1). Nevada law allows an individual to be served "by delivering a copy of the summons and complaint to an agent

authorized by appointment or by law to receive service of process." Nev. R. Civ. P. 4.2(a)(3). Nevada further permits current or former public officers or employees of the State to be served by delivering a copy of the summons and complaint to the "Attorney General, or a person designated by the Attorney General to receive service of process, at the Office of the Attorney General in Carson City," and "the current or former public officer or employee, or an agent designated by him or her to receive service of process." Nev. R. Civ. P. 4.2(d)(2).

Here, Plaintiff served a copy of the summons and his FAC on "Brittany & Rochelle." (*See* Summons Returned Executed at 2, ECF No. 17). The executed Summons indicates that "Brittany & Rochelle" was an agent authorized by appointment or by law to receive service of process on behalf of Defendants Aaron Ford and Craig Newby. (*See id.*). However, Plaintiff has produced no evidence to support a finding that "Brittany & Rochelle" was such an authorized agent. Indeed, it is not clear to the Court what "Brittany & Rochelle" refers to. Thus, without more evidence, the Court cannot find that "Brittany & Rochelle" was an agent authorized to receive service on behalf of Defendants Aaron Ford and Craig Newby. Accordingly, the Court finds that Defendants Aaron Ford and Craig Newby were not properly served in compliance with the requirements of FRCP 4(e) and it therefore lacks personal jurisdiction over those Defendants. Because the Court cannot enter judgment against a party over which it does not have jurisdiction, the Court DENIES Plaintiff's Motion for Entry of Default for those Defendants.

Because Defendants Aaron Ford and Craig Newby have not appeared in this case to challenge sufficiency of service, Plaintiff has not had an opportunity to argue for an extension of time to serve these Defendants. The Court thus finds that good cause exists for the Court to *sua sponte* extend the period for service in this case. Plaintiff did attempt timely service of Defendants Aaron Ford and Craig Newby and received no prior indication that he should be concerned about the sufficiency of service. Additionally, Plaintiff's *pro se* status weighs in

favor of finding good cause. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (describing "a duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements").  The Court therefore extends the deadline for service for an additional 45 days.

**B. Plaintiff's Motion for Reconsideration**

Plaintiff moves for reconsideration of this Court's August 6, 2025, Minute Order denying Plaintiff's request for emergency relief. (Mot. Reconsider. 1:19–26, ECF No. 25); (Minute Order Denying Request for Emergency Relief, ECF No. 22).  The State Bar Defendants argue that Plaintiff has failed cite any applicable law in support of his Motion for Reconsideration. (Resp. Mot. Reconsider. 4:7–13, ECF No. 31).

In general, "a motion for reconsideration should not be granted, absent highly unusual circumstances." *Carroll*, 342 F.3d at 945.  Here, Plaintiff has failed to allege any newly discovered evidence, the need to correct clear error or prevent manifest injustice, or an intervening change in controlling law. *Zimmerman*, 255 F.3d at 740.  While Plaintiff argues that this Court's denial of emergency relief was erroneous, the determination of whether any matter submitted as an "emergency" is in fact an emergency is within the Court's discretion. *See* LR 7-4(c).  Here, Plaintiff has not made a showing that the Court's determination constituted "clear error."  Accordingly, the Court DENIES Plaintiff's Motion for Reconsideration.

**C. Plaintiff's Motion to Strike**

Within his Motion for Reconsideration, Plaintiff also moves to strike the State Bar Defendants' Response to his Motion for TRO. (Mot. Reconsider. 5:1–6:13).  Plaintiff appears to argue that the State Bar Defendants' Response should be stricken because it contained (1) attached exhibits and factual assertions without supporting declarations, (2) a statement that Plaintiff is involved in multiple lawsuits, and (3) allegations that Plaintiff committed crimes.

(*Id.* 5:10–5:25).  None of these arguments provide sufficient support for Plaintiff's Motion to Strike.

First, Plaintiff argues that the State Bar Defendants impermissibly attached exhibits without supporting declarations, citing Federal Rules of Evidence 901 and 602 for support. (*Id.* 5:12–14).  However, as Plaintiff points out, "[s]tatements in briefs and motions by [an] attorney are not evidence." (*Id.* 5:10).  Thus, the two Federal Rules of Evidence that Plaintiff cites are inapplicable to the instant motion.  Further, the exhibits filed by the State Bar Defendants in support of their Response to Plaintiff's Motion for TRO complied with every requirement of Local Rule IA 10-3.

Second, Plaintiff argues that it was "per se professional misconduct" for the State Bar Defendants to state that Plaintiff had sued 75 individuals in one lawsuit, citing in support Rule 3.3 of the Nevada Rules of Professional Conduct. (Mot. Reconsider. 5:18–24).  Rule 3.3 prohibits attorneys from, among other things, knowingly making a false statement of fact to a tribunal. Nev. R. Pro. Conduct 3.3(a)(1).  However, the statement by the State Bar Defendants that Plaintiff had sued 75 individuals in one lawsuit is not a false statement of fact; indeed, Plaintiff does not contest the truth of the allegation, but rather argues that the State Bar Defendants omitted an explanation of *why* Plaintiff had sued 75 individuals in one lawsuit. (Mot. Reconsider 5:21–24).  Such an omission does not transform the State Bar Defendant's statement into a false statement of fact.

Plaintiff's final argument in favor of striking the State Bar Defendant's Response to his Motion for TRO is that it contained allegations that Plaintiff had committed crimes. (*Id.* 5:25).  However, this argument is misplaced.  The State Bar Defendant's Response argues that, even if the State Bar Defendants were state actors, Plaintiff's speech was unprotected by the First Amendment. (Resp. Mot. TRO 5:17–7:14).  In support of that argument, the State Bar Defendants characterize Plaintiff's speech on their LinkedIn account as "used to harass and

intimidate others," placing it within one or more of the recognized categories of unprotected speech. (*Id.* 6:11–13).  Such an argument is neither immaterial nor impertinent; arguing that speech is unprotected is a core part of any First Amendment argument.

Accordingly, each of Plaintiff's arguments in support of his Motion to Strike fail, and the Court thus DENIES Plaintiff's Motion to Strike.

### D. Motions for Temporary Restraining Order and Preliminary Injunction

Plaintiff argues that he is entitled to a TRO and Preliminary Injunction because he is likely to succeed on the merits and will be irreparably harmed by continued violations of his First Amendment right. (*See generally* Mot. TRO).  Because the Court finds that Plaintiff has not established a likelihood of success on the merits, it denies Plaintiff's Motion for a TRO and Motion for Preliminary Injunction.  The Court discusses the likelihood of success on the merits for each of Plaintiff's claims below.

#### 1. Plaintiff's Claims Against Defendants Aaron Ford and Craig Newby

Plaintiff asserts claims two, three, four, seven, and nine against Defendant Aaron Ford, Defendant Craig Newby, or both of those Defendants. (FAC 9:14–14:19).  As explained above, the Court lacks personal jurisdiction over Defendants Aaron Ford and Craig Newby because they were not properly served. (*See* Section (III)(A)(2)).  Because Plaintiff cannot show that the Court has personal jurisdiction over Defendants Aaron Ford and Craig Newby, he cannot show a likelihood of success on the merits on claims asserted against either or both of those Defendants. *See Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983).

#### 2. Claim One: Section 1983 Claim for Violation of First Amendment of the U.S. Constitution and Article 1 Against Defendant Smith-Pulsipher

Section 1983 provides a cause of action against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State" deprives someone of a federal constitutional or statutory right. 42 U.S.C. § 1983.  The Free Speech Clause of the First

Amendment also requires government action. *See Manhattan Cmty. Access Corp. v. Halleck*, 587 U.S. 802, 808 (2019). Thus, to prevail on a Section 1983 Claim for violation of the First Amendment of the United States Constitution,[3] Plaintiff must show that "the conduct allegedly causing the deprivation . . . [is] fairly attributable to the State." *Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 937 (1982). A public official's social media activity constitutes state action under Section 1983 "only if the official (1) possessed actual authority to speak on the State's behalf, and (2) purported to exercise that authority when he spoke on social media." *Lindke v. Freed*, 601 U.S. 187, 191 (2024).

Plaintiff fails to produce evidence to support a finding that Defendant Smith-Pulsipher possessed actual authority to speak on the State's behalf. Section 1983 instructs that evidence of such authority must come from "statute, ordinance, regulation, custom, or usage." 42 U.S.C. § 1983; *see Lindke*, 601 U.S. at 200. Here, Plaintiff provides evidence that the State Bar of Nevada is a state actor, (*see* Not. Suppl. Auth. 2:10–16, ECF No. 21), but provides no evidence that Defendant Smith-Pulsipher possessed actual authority to speak on the State's behalf under statute, ordinance, regulation, custom, or usage. Even assuming that the Defendant Smith-Pulsipher is a state employee, that alone is insufficient to show state action under *Lindke*. *See* 601 U.S. at 197. Thus, the Court concludes that Plaintiff has failed to establish a likelihood of success on the merits of this claim.

///

///

///

///

---

[3] All of Plaintiff's Section 1983 claims allege violations of both the U.S. Constitution and the Nevada Constitution. (FAC 9:6–12:21). However, Section 1983 only provides a cause of action for violations of the U.S. Constitution or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Section 1983 does not provide a cause of action for violations of state law. *Galen v. Cnty. of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007). Accordingly, all Section 1983 claims asserted by Plaintiff for violations of the Nevada Constitution fail.

### 3. Claim Four: Section 1983 Claim for Conspiracy to Violate the First Amendment of the U.S. Constitution Against All Defendants

"Conspiracy is not itself a constitutional tort under [Section] 1983." *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 935 (9th Cir. 2012).[4]  It does not "enlarge the nature of the claims asserted by the plaintiff," but it may "enlarge the pool of responsible defendants by demonstrating their causal connections to the violation." *Id.*  To prevail on a claim of conspiracy under Section 1983, a plaintiff must show an agreement or meeting of the minds to violate constitutional rights. *Id.* (citing *Gilbrook v. City of Westminster*, 177 F.3d 839, 856–57 (9th Cir. 1999)).  A defendant's knowledge of and participation in a conspiracy may be inferred from circumstantial evidence and from evidence of the defendant's actions. *Id.*

Here, Plaintiff provides no evidence that the deletion of his comment was part of a broader agreement between Defendants to violate his constitutional rights, instead merely stating that such a "meeting of the minds" occurred. (FAC 10:6–8).  Without more, Plaintiff cannot establish a likelihood of success on the merits of this claim.

### 4. Claim Five: Section 1983 Claim for Violation of the First and Fourteenth Amendments of the U.S. Constitution Against Defendant Phillip Pattee

Plaintiff alleges that Defendant Phillip Pattee violated his First and Fourteenth Amendment rights by refusing to investigate his professional misconduct complaints. (FAC 10:17–26).  Plaintiff has failed to show a likelihood of success on the merits of his First and Fourteenth Amendment claims.

First, even assuming Pattee could be considered a state actor for the purposes of Section 1983, a bar association's adjudication of attorney disciplinary matters is entitled to quasi-judicial immunity. *Hirsh v. Justs. of the Supreme Ct. of the State of Cal.*, 67 F.3d 708, 715 (9th Cir. 1995).  Second, Plaintiff's underlying constitutional claims are flawed.  Plaintiff has not

---

[4] It is permissible to state a civil cause of action for conspiracy based on Section 1983. *Soo Park v. Thompson*, 851 F.3d 910, 918 n.7 (9th Cir. 2017) (citing *Cohen v. Norris*, 300 F.2d 24, 27 (9th Cir. 1962)).

shown that Pattee's decision not to pursue Plaintiff's complaints abridged his freedom of speech, nor does Plaintiff cite any controlling authority recognizing such facts as a violation of the First Amendment.  Without more, Plaintiff has not shown a likelihood of success on his First Amendment claim against Pattee.

Plaintiff has also failed to show a likelihood of success on his Fourteenth Amendment claim because he has not shown that Pattee's decision not to pursue his complaints deprived him of life, liberty, or due process of law.  "There is no free-floating right to an evidentiary hearing or trial" triggered by submitting a misconduct complaint to a state bar association. *Bartlett v. Washington State Bar Ass'n*, No. C19-0113RSL, 2019 WL 1745081, at *2 (W.D. Wash. Apr. 18, 2019).  Absent allegations of bias on the part of the adjudicator, "the fact that a claim is found to be without merit at an early stage in the proceeding does not implicate the due process clause." *Id.*  Here, Plaintiff states only that Pattee issued closeout letters for each of Plaintiff's misconduct complaints, advising Plaintiff to bring his allegations in court. (FAC 4:15–18).  Without more, Plaintiff has not shown a likelihood of success on the merits of his Fourteenth Amendment claim.

### 5. Claim Six: Section 1983 Claim for Conspiracy to Violate the First and Fourteenth Amendments of the U.S. Constitution Against Defendants Kimberly Farmer, Daniel Hooge, and Phillip Pattee

To prevail on a claim of conspiracy under Section 1983, a plaintiff must show an agreement or meeting of the minds to violate constitutional rights. *Lacey*, 693 F.3d at 935.  Here, Plaintiff produces no evidence indicating that Farmer, Hooge, and Pattee reached any agreement to violate his constitutional rights, instead merely asserting that such a "meeting of the minds" took place. (FAC 11:10–12).  Thus, Plaintiff has failed to show a likelihood of success on the merits of this claim.

///

///

**6. Claim Seven: Section 1983 Claim for Conspiracy to Violate the First and Fourteenth Amendments of the U.S. Constitution Against Defendants Kimberly Farmer, Daniel Hooge, Phillip Pattee, Aaron Ford, and Craig Newby**

This claim is largely identical to Plaintiff's sixth claim except it is also asserted against Ford and Newby. Plaintiff has failed to show a likelihood of success on the merits for similar reasons to those in Claim Six. Again, Plaintiff has failed to produce any evidence showing that the Defendants reached an agreement to violate Plaintiff's constitutional rights, again only stating in a conclusory fashion that there was such an agreement. (FAC 12:1–5). Thus, Plaintiff has failed to show a likelihood of success on the merits of this claim.

**7. Claim Eight: Negligent Supervision and Training Against Defendants Kimberly Farmer and Daniel Hooge**

To establish a claim for negligent training, retention, or supervision of employees against an employer under Nevada law, a plaintiff must show that (1) the employer knew that the employee acted in a negligent manner, (2) the employer failed to train or supervise the employee adequately, and (3) the employee's negligence proximately caused the plaintiff's injuries. *Helle v. Core Home Health Servs. of Nevada*, 238 P.3d 818, 821 (Nev. 2008).

Here, Plaintiff has failed to produce sufficient evidence to support a likelihood of success on this claim. Specifically, Plaintiff provides no explanation of how Farmer and Hooge failed to adequately supervise or train Pattee or Smith-Pulsipher. Plaintiff merely alleges, in a conclusory fashion, that Farmer and Hooge "failed to train or supervise" Pattee and Smith-Pulsipher. (FAC 13:3–5). Without more, Plaintiff cannot show a likelihood of success on the merits of this claim.

**8. Claim Nine: Tortious Interference with Parental Rights Against All Defendants**

Under Nevada law, a claim for tortious interference is directed towards interference with existing or prospective contractual relationships. *See, e.g.*, *J.J. Indus., LLC v. Bennett*, 71 P.3d 1264, 1267 (Nev. 2003) (discussing interference with contractual relationships); *Consol.*

*Generator-Nevada, Inc. v. Cummins Engine Co.*, 971 P.2d 1251, 1255 (Nev. 1998) (discussing interference with prospective contractual relationships).  Plaintiff has not cited any authority establishing that a claim for tortious interference applies to an alleged interference with his parental rights.  Thus, the Court finds that Plaintiff has failed to show a likelihood of success on the merits of this claim.

Because Plaintiff fails to show the threshold issue of a likelihood of success on the merits on all claims, the Court need not consider the other three *Winter* elements. *Baird v. Bonta*, 81 F.4th 1036, 1040 (9th Cir. 2023). The Court thus DENIES Plaintiff's Motion for Temporary Restraining Order and Motion for Preliminary Injunction.

**IV**. <u>**CONCLUSION**</u>

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Entry of Clerk's Default, (ECF No. 27), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Notice of Supplemental Authority, (ECF No. 21), is **STRIKEN.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Reconsideration and Motion to Strike, (ECF No. 25), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Temporary Restraining Order, (ECF No. 18), and Motion for Preliminary Injunction, (ECF No. 20), are **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff must file proof of service of Defendants Aaron Ford and Craig Newby no later than March 6, 2026.

**DATED** this __21__ day of January, 2026.

_____
Gloria M. Navarro, District Judge
United States District Court